# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**MARY MARGARET SKIBSKI,**          CASE NO. 3:23 CV 1554

    Plaintiff,

    v.          JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.          **MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Plaintiff Mary Margaret Skibski seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Amanda M. Knapp for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Knapp recommends this Court affirm the Commissioner's final decision. (Doc. 13). Plaintiff filed objections to the R&R (Doc. 14), and the Commissioner filed a response thereto (Doc. 15). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

## PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits in April 2021, alleging a disability onset date of December 1, 2016. *See* Tr. 18. Following the administrative process, an administrative law judge ("ALJ") issued a written decision on November 16, 2022, finding Plaintiff not disabled. (Tr. 18-30). This appeal ultimately followed. (Doc. 1).

Plaintiff raised two arguments regarding the ALJ's decision. First, she argued the ALJ failed to properly develop the record when she did not recontact the psychological consultative

examiner for his opinion as to the onset date for the disabling mental limitations he assessed. (Doc. 8, at 12-14). Second, she argued the ALJ erred in evaluating her subjective symptom allegations. *Id.* at 14-18.

In her R&R, Judge Knapp rejected both arguments. (Doc. 13, at 16-32). As to Plaintiff's first argument, Judge Knapp concluded Plaintiff had not demonstrated the circumstances of the case created a duty for the ALJ to recontact the psychological consultative examiner, nor did the ALJ otherwise err in not recontacting the examiner or seeking testimony from a medical expert. *Id.* at 16-28. As to Plaintiff's second argument, Judge Knapp found the ALJ adequately considered Plaintiff's subjective allegations in the context of the record as a whole as required. *Id.* at 28-32. She therefore recommends the Court affirm the Commissioner's decision. *See* Doc. 13.

## STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are

supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

**DISCUSSION**[1]

Plaintiff raises two objections to the R&R, one corresponding to each assignment of error originally raised. For the following reasons, the Court overrules Plaintiff's objections.

<u>Duty To Develop the Record</u>

In her first objection, Plaintiff contends the Magistrate Judge (1) incorrectly found, contrary to SSR 18-1p, that the mere fact that the state agency ordered a consultative psychological explanation does not demonstrate that the agency intended to seek a retrospective medical opinion regarding Plaintiff's condition in 2017; and (2) incorrectly concluded that the ALJ did not fail in developing the record regarding the onset date of Plaintiff's disabling limitations.

As to the first point, the Court agrees with the Commissioner that the circumstances here, including Plaintiff's subsequent filing of a supplemental security income claim, explain why a current (and not retrospective) medical opinion would have been sought. *See* SSR 18-1p, 2018 WL 4945639 ("For title II claims, if we find that the claimant did not meet the statutory definition of disability before his or her insured status expired, we will not determine whether the claimant is currently disabled or was disabled within the 12-month period before the month that he or she applied for benefits. If, however, the claimant also filed a different type of claim--for example, a claim for SSI disability payments--we may have to consider whether the claimant is currently

---

1. Neither party objects Judge Knapp's's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly described by Judge Knapp.

disabled to adjudicate the SSI claim."). As such, the Court is unpersuaded by the argument that the psychological examiner's report itself is evidence of error.

As to Plaintiff's second point, the Court also finds the ALJ did not err in failing to recontact the consultative psychological examiner. It is ultimately Plaintiff's burden to establish disability within the relevant time period. *See Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 563 (6th Cir. 2022) ("the ultimate burden of proving entitlement to benefits lies with the claimant") (citing 20 C.F.R. § 404.1512(a)). And an ALJ has discretion to determine whether further evidence is necessary. *See Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 275 (6th Cir. 2010) ("The ALJ has discretion to determine whether additional evidence is necessary."). As the ALJ explained and the Magistrate Judge cited, the records from the relevant time period demonstrated Plaintiff denied mental health symptoms, had unremarkable mental health findings on examination, and did not undergo mental health treatment. *See* Tr. 22; Doc. 13, at 22-23. This also distinguishes the present case from the non-binding out-of-circuit district court case cited by Plaintiff, *Graves v. Colvin*, 2016 WL 3360669, at *6 (D. Nev.), *report and recommendation adopted*, 2016 WL 3360657. In *Graves*, Plaintiff testified he had not received mental health treatment because he feared doing so, and the court emphasized "[i]t is especially important for the ALJ to fully develop the record when a claimant who suffers from mental impairments fears seeking mental health treatment, which creates a dearth of medical records." 2016 WL 3360669, at *6.

And as the Magistrate Judge correctly recognized (Doc. 13, at 26), the Sixth Circuit finds no error when an ALJ formulates an RFC without any opinion evidence. *See Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401 (6th Cir. 2018); *Shepard v. Comm'r of Soc. Sec.*, 705 F. App'x 435, 442-43 (6th Cir. 2017); *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013); *see also Reinartz v. Comm'r of Soc. Sec.*, 795 F. App'x 448, 449 (6th Cir. 2020).

Under these circumstances, the Court agrees with the Magistrate Judge's conclusion that the ALJ did not violate her duty to develop the record.

<u>Subjective Allegations</u>

Plaintiff objects to the Magistrate Judge's analysis regarding her subjective allegations. She contends that the evidence cited by the ALJ (and the Magistrate Judge) does not undermine or demonstrate inconsistency with her subjective physical limitation allegations. (Doc. 14, at 4). She contends the citation of "moderate to severe" findings on echocardiogram, "good" muscle strength, and an x-ray showing an enlarged heart do not speak to her subjective allegations that she is only able to lift ten to fifteen pounds, can only walk a couple of yards without stopping and resting, has difficulty with stairs, felt unbalanced while walking, and had difficulty picking something up off the ground. *Id.*

Upon *de novo* review, the Court finds no error in the ALJ's subjective limitation analysis. The ALJ specifically described Plaintiff's alleged symptoms and compared them to relevant evidence. *See, e.g.*, Tr. 26 (noting that Plaintiff testified she could only walk a couple of yards before having to stop and rest and comparing it to a contemporaneous statement to a practitioner that she was walking a quarter mile to one mile per day); *id.* (noting that Plaintiff testified her medications caused coughing and a "woozy" feeling, but that contemporaneous treatment records did not support these side effect claims). The Court agrees with the Magistrate Judge that the ALJ's explanation of his consideration of Plaintiff's symptoms was "clear and logical" and supported by the record.

5

**CONCLUSION**

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Knapp's R&R (Doc. 13) is ADOPTED as the order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

  *s/ James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Date: August 22, 2024

6